UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT

SEP 15 2009

BROOKLYN

------------------------------------------------------------------ x

TZION HALALI

Plaintiff,

-against-

CITY UNIVERSITY OF NEW YORK, PEACE OFFICER
JASON NORR, BADGE# 520, PEACE OFFICER
EDWARD HICKEY, BADGE# 149, LIEUTENANT
RICHARD LAZARINI,

Defendants.

---------------------------------------------------------------- x

**COMPLAINT AND
JURY DEMAND**

DOCKET#

**09     3964**

ECF CASE

AMON, J.

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff seeks relief for the violation of his

rights secured by 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States

Constitution, and the laws and Constitution of the State of New York.

2.      The claims arise from a September 17, 2008 incident in which peace officers

employed by the City University of New York, at Kingsboro Community College, arrested

plaintiff without probable cause.

3.      The defendant peace officers ("the officers"), acting under color of state law,

intentionally and willfully subjected plaintiff to, among other things, assault, battery, and false

arrest.

4.      Plaintiff seeks monetary damages (special, compensatory, and punitive) against

defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

## JURISDICTION

5.      This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the

Fourth and Fourteenth Amendments to the United States Constitution.  Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

6.      The amount in controversy exceeds $150,000.00 excluding interest and costs.

7.      Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and the events occurred within, the boundaries of the Eastern District of New York.

## PARTIES

8.      Plaintiff is a citizen of the United States and at all times here relevant resided in Brooklyn, New York.

9.      The City University of New York ("CUNY") is a corporate body separate and distinct from the City and State of New York.

10.     Peace Officers Jason Norr, badge# 520, Edward Hickey, badge# 149, and Richard Lazarini, (respectively, "Norr", "Hickey", and "Lazarini"), are peace officers who, at all times relevant, were employed and acting in their capacities as peace officers employed by the CUNY, at the campus of Kingsboro Community College ("KBCC").   At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

11.     At least thirty days have elapsed since a demand setting forth the underlying basis for this matter was presented to the city university for adjustment, and the officer or bodies having the power to adjust or pay such demand have neglected or refused to make an adjustment or payment thereof for thirty days, after such presentment.

**FACTUAL ALLEGATIONS**

12.     On September 17, 2008, plaintiff was in his car about to leave a parking lot at Kingsboro Community College ("KBCC"). Plaintiff was and is a teacher at a New York City High School located on the campus of KBCC. As plaintiff pulled out of the parking lot, he was involved in a minor traffic mishap with another driver. Defendant Norr arrived at the scene and requested the drivers wait for police to arrive. Plaintiff complied with Norr's request. After approximately two hours, however, plaintiff and Norr got into a verbal altercation. Norr then directed plaintiff to put his hands on the car, called for backup, and arrested plaintiff. Plaintiff had engaged in no illegal activity and Norr did not have probable cause to believe that plaintiff had committed any offense.

13.     The backup officers that arrived were defendants Hickey and Lazarini. Acting together with Norr, they unnecessarily handcuffed plaintiff, excessively tightly, in front of the high school where plaintiff had been a teacher for 7 years. The handcuffs were tight enough to cut plaintiff's wrists. Norr, Hickey, and Lazarini brought plaintiff to a security office, cuffed him to a wall for hours, then released plaintiff with a summons that falsely charged plaintiff with disorderly conduct. The case was adjourned in contemplation of dismissal, and has been dismissed and sealed.

14.     At all times during the events described above, the defendant peace officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff, and agreed, shortly after the incident, not to report each others' illegal actions and to fabricate a story

3

and falsely charge plaintiff with an offense.

15.     During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

16.     As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a.      Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

b.      Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

c.      Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d.      Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

e.      Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

f.      Loss of liberty;

g.      Physical pain and suffering;

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

17.     The above paragraphs are here incorporated by reference.

18.     Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from unreasonable search and seizure and to

due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and are liable to plaintiff under 42 U.S.C. §1983.

19.     Defendants falsely arrested plaintiffs, used excessive force against plaintiffs, and failed to intervene in each other's obviously illegal actions.

20.     Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(ASSAULT)

21.     The above paragraphs are here incorporated by reference.

22.     Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

23.     Plaintiff was damaged by defendants' assault.

## THIRD CAUSE OF ACTION
(BATTERY)

24.     The above paragraphs are here incorporated by reference.

25.     Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

26.     Plaintiff was damaged by defendants' battery.

## FOURTH CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

27.     The above paragraphs are here incorporated by reference.

28.     Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

29.     Defendants intended to confine plaintiff.

30.     Plaintiff was conscious of the confinement and did not consent to it.

31.     As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff

was damaged.

## FIFTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

32.     All preceding paragraphs are here incorporated by reference.

33.     Defendants, acting under color of law, violated plaintiffs' rights pursuant to §§6 and 12 of the New York State Constitution.

34.     A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

## SIXTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

35.     The preceding paragraphs are here incorporated by reference.

36.     Defendants' common law intentional tortious acts were undertaken within the scope of their employment by defendant CUNY and in furtherance of defendant CUNY's interest.

37.     As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant CUNY, plaintiff was damaged.

## SEVENTH CAUSE OF ACTION
### (NEGLIGENT HIRING AND RETENTION)

38.     The above paragraphs are here incorporated by reference.

39.     Defendant peace officers had a bad disposition and the City knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' bad dispositions through the hiring and retention process.

40.     Defendants knew or should have known that their failure to investigate defendant officers' bad dispositions would lead to plaintiff's injuries.

41.     Defendants were negligent in their hiring and retaining the officers involved in this case in that they knew or should have known of the officers' propensity to use excessive force and to make false arrests.

42.     The injuries to plaintiff were caused by the officers' foreseeable use of excessive force.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.      In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.      Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.      Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:      Brooklyn, New York
            September 10, 2009

TO:    City University of New York
       Office of Legal Affairs
       535 East 80th Street
       New York, NY  10075

       Jason Norr, Badge #520
       Kingsboro Community College
       c/o Associate Dean Rebecca Fraley Corrado
       A building, room 809
       2001 Oriental Boulevard
       Brooklyn, NY 11235-2398

       Edward Hickey, Badge #149
       Kingsboro Community College
       c/o Associate Dean Rebecca Fraley Corrado
       A building, room 809
       2001 Oriental Boulevard
       Brooklyn, NY 11235-2398

       Lieutenant Richard Lazarini
       Kingsboro Community College
       c/o Associate Dean Rebecca Fraley Corrado
       A building, room 809
       2001 Oriental Boulevard
       Brooklyn, NY 11235-2398

Very truly yours,

Stoll, Glickman & Bellina, LLP
By: Andrew B. Stoll (AS8808)
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY  11217
(718) 852-3710
astoll@stollglickman.com